UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NOAH BREWINGTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00156-GZS |
| | ) | |
| ROY E. MCKINNEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff seeks relief due to alleged constitutional deprivations resulting from the actions of multiple defendants, including enforcement officers and agencies, state court judges, lawyers, and others. (Complaint, ECF No. 1; Attachments, ECF No. 2.)  Plaintiff did not pay the required filing fee nor request leave to proceed without prepayment of fees and costs in accordance with 28 U.S.C. § 1915.

The Court ordinarily would afford Plaintiff a further opportunity to pay the filing fee or to obtain leave to proceed pursuant to § 1915.  Plaintiff's satisfaction of the filing fee, however, would be futile because the Court must abstain from the exercise of jurisdiction over the claim.   Accordingly, I recommend the Court dismiss Plaintiff's complaint. [1]

---

[1] "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

## DISCUSSION

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Plaintiff's filing suggests the state court matter is ongoing.[2] The criminal proceedings referenced in the complaint are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Plaintiff an adequate opportunity to raise federal

---

[2] For instance, Plaintiff refers to "current attorney" (PageID #: 143) and references in the present tense certain challenges in the preparation of his defense. (PageID #: 105.) If Plaintiff's state court criminal case has concluded, Plaintiff can ask the Court to reconsider this recommended decision.

2

constitutional challenges. Abstention, therefore, is presumptively appropriate, and I discern no reason for the Court not to abstain.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter. If the Court adopts the recommendation, I also recommend the Court dismiss as moot Petitioner's Motion to Take Petition in Form of Mandamus. (ECF No. 4.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of April, 2023.